Stephen D. Weisskopf, Esq. (State Bar No. 213596)
Christopher E. Stiner, Esq. (State Bar No. 276033)
LEVATOLAW, LLP
2029 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone: (310) 734-2026
Facsimile: (310) 421-4180

Attorneys for Plaintiff
TORTILLA FACTORY, LLC

# UNITED STATES DISTRICT COUNTY

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORTILLA FACTORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MAKANA BEVERAGES, INC., a Delaware corporation; UNITED NATURAL FOODS, INC., a Delaware corporation; UNITED NATURAL FOODS WEST, INC., a California corporation; KEHE DISTRIBUTORS, INC., a Delaware corporation; HI-TOUCH DISTRIBUTION, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-2981<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. **FALSE ADVERTISING UNDER LANHAM ACT 43(A)**<br>2. **FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500**<br>3. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TORTILLA FACTORY, LLC ("Tortilla Factory" or "Plaintiff") hereby alleges as follows:

**PARTIES**

1. Plaintiff Tortilla Factory is a California limited liability company with its principal place of business in Los Angeles, California, and is in good standing in California. It manufactures a line of kombucha drinks under the brand name "Kombucha Dog."

2. On information and belief, defendant Makana Beverages, Inc. (collectively with Does 1-10, "The Bu") is a Delaware corporation registered with the California Secretary of State with its principal place of business in Oxnard, California. References to The Bu used herein specifically include this Deleware corporation and any other predecessor organizations.

3. On information and belief, defendant United Natural Foods, Inc. ("UNFI"), is a Delaware corporation registered with the California Secretary of State with its principal place of business in Providence, Rhode Island. References to UNFI used herein specifically include this Delaware corporation and any other predecessor organizations.

4. On information and belief, defendant United Natural Foods West, Inc. ("UNFWI"), is a California corporation with its principal place of business in Rocklin, California. References to UNFWI used herein specifically include this California corporation and any other predecessor organizations.

5. On information and belief, defendant KeHE Distributors, Inc. ("KeHE"), is a Delaware corporation registered with the California Secretary of State with its principal place of business in Naperville, Illinois. References to KeHE used herein specifically include this Delaware corporation and any other predecessor organizations.

6. Hi-Touch Distribution, Inc. ("Hi-Touch" and, collectively with KeHE, UNFI, and UNFWI, the "Distributors"), is a California corporation registered with the California Secretary of State with its principal place of business in Huntington Beach,

1  California. References to Hi-Touch used herein specifically include this California
2  corporation and any other predecessor organizations.

3      7.    Plaintiff is not aware of the true names and capacities of the defendants
4  identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said
5  defendants. Plaintiff will amend this Complaint to allege the true names and capacities of
6  these fictitiously named defendants when their identities are ascertained.

7      8.    Plaintiff is informed and believes, and thereon alleges, that The Bu, the
8  Distributors and each of the fictitiously named Doe defendants were in some manner
9  responsible for the acts alleged herein and the harm, losses and damages suffered by
10 Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while
11 participating in such acts, each of the defendants was the agent, alter ego, conspirator, and
12 aidor and abettor of the other defendants and was acting in the course and scope of such
13 agency and/or acted with the permission, consent, authorization or ratification of the other
14 defendants.

15     9.    As described further below, The Bu and the Distributors conduct business
16 and manufacture and/or distribute products in the greater Los Angeles area, and throughout
17 the United States.

**JURISDICTION AND VENUE**

19     10.    This action arises under 15 U.S.C. § 1125(a) and the statutory law of the
20 State of California. This Court has subject matter jurisdiction over this action pursuant to
21 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C.
22 § 1367 (supplemental jurisdiction).

23     11.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a
24 substantial part of the events or omissions giving rise to the claims occurred in this
25 District.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

27     12.    This action seeks redress for The Bu's deliberate and unlawful false and

misleading representations regarding its variously flavored kombucha products[1] ("Kombucha Products"). The Kombucha Products have been packaged, marketed and sold by The Bu based on representations significantly understating their alcohol and, upon information and belief, sugar content along with other material misrepresentations.

13. This action seeks redress for the unfair, unlawful and fraudulent business practices of all defendants, each of whom have participated in making, or aided and abetted, the false advertising claims related to The Bu's Kombucha Products in California and nationwide.

## I. KOMBUCHA IN THE MARKETPLACE

14. While there is variation among kombucha beverages, the term "kombucha" generally refers to a fermented beverage produced from a mixture of steeped tea and sugar, combined with a culture of yeast strains and bacteria. In the kombucha brewing process, yeast in the liquid metabolizes sugar and makes alcohol while bacteria in the liquid metabolizes alcohol and makes vinegar. While some kombucha beverages also have fruit juice or other flavors added during production, the value that the marketplace and consumers place on kombucha as a product is substantially based on it being the natural product described above, on its low sugar content, and on its high content of probiotics and associated acids.

15. Fermentation is a natural reaction when the sugar, yeast and bacteria are combined during kombucha production. As a consequence of this fermentation, the resulting product can have an alcohol content of 0.5% or more by volume. When this happens, the kombucha is regulated as an alcohol beverage under federal law and Alcohol and Tobacco Tax and Trade Bureau ("TTB") regulations.

16. In fact the TTB has a web page devoted to frequently asked questions on the

---

[1] The Bu produces the following flavors: honeydew, tangerine, tropical, chai spice and lavender.

(footnote continued)

regulation of kombucha brewing, sales and marketing. Relevant questions answered include the following[2]:

> **What causes a kombucha to continue fermenting in the original container after removal from the producer's premises?**
>
> Fermentation, which is part of kombucha production, is a natural reaction when sugar and yeast are combined.  Several factors can influence how much alcohol is produced by fermentation, including time and temperature.
>
> Even though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and stored.  As a result, the alcohol content may increase to 0.5% or more alcohol by volume. Such a product is an alcohol beverage, which is subject to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcohol beverages.
>
> . . .
>
> **Are kombucha containers required to bear a health warning statement?**
>
> Yes, if the kombucha beverage contains 0.5 percent or more alcohol by volume. The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988.  (See 27 U.S.C. 215 and 27 CFR part 16.) This requirement applies regardless of whether the kombucha is subject to the labeling requirements of the Federal Alcohol Administration Act (FAA Act). (See K13.) See 27 CFR part 16 for the wording, type size and other formatting rules regarding the health warning statement.

17. Thus kombucha's regulation as an alcoholic beverage is a well-known issue among kombucha producers and regulators despite kombucha's health benefits.

## II. KOMBUCHA DOG

18. Michael Faye, an entrepreneur and health conscious Californian, began brewing kombucha in 2010. After experimenting with over 200 teas and fermenting 60, Faye perfected his kombucha recipe and began offering it as Tortilla Factory's Kombucha Dog brand kombucha. Kombucha Dog currently offers six flavors—Just Kombucha, Mint, Wild Blueberry, Ginger, Wild Blue Ginger, and Raspberry.  Kombucha Dog's recipe has a

---

[2] *Available at* https://www.ttb.gov/kombucha/kombucha-general.shtml

unique blend of probiotics, antioxidants and detoxifying gluconic and acetic acids.

19. Unlike mass-manufactured beverages, Kombucha Dog only uses raw, organic ingredients. Each batch is hand brewed and stored in dark glass bottles. Kombucha Dog makes unadulterated kombucha—it does not dilute the beverage like other manufacturers. Consequently, Kombucha Dog beverages have an alcohol content of 0.5% or more by volume.

20. Kombucha Dog beverages are labeled, marketed and distributed in substantial compliance with statutes and regulations governing it as an alcohol-containing beverage.

21. Kombucha Dog is a recognized product and brand in the marketplace, as reflected in part by it having been featured or referenced in Los Angeles Magazine (including being listed in "Best of LA"), LA Weekly, Ovation Television Network (including "The Art Of…" television show), Locale Magazine, and various online media.

**III.  THE BU AND ITS FALSE ADVERTISING OF ITS PRODUCTS**

22. The Bu was founded by three entrepreneurs in Hawaii in 2010. Their stated mission was "to create a unique and healthy kombucha that tastes as good as it makes one feel." They further advertise that The Bu Kombucha Product "is not just a one taste wonder—it is alive—and already known as 'The World's Best Tasting Kombucha.'" The Bu advertises its Kombucha Product as being available in health food stores nationwide, including Bristol Farms, Lassens, New Frontiers, Mother's, Market of Choice, Better Health Markets, United Markets, Busch's Markets, and numerous local co-ops nationwide.[3]

23. Most egregiously, The Bu advertises, markets and promotes the Kombucha Products as being non-alcoholic beverages, when, in fact, its products contain more than

---

[3] *The BU Launches Its New & Improved Sparkling Kombucha Organic Tea With Premium Probiotics In New Packaging* available at https://www.bevnet.com/news/2013/thebu-launches-its-new-improved-sparkling-kombucha-organic-tea-with-premium-probiotics-in-new-packaging

1  0.5% alcohol. Nowhere on the Kombucha Products is there any conspicuous disclosure
2  that the products contain alcohol.

3  24. Instead, The Bu Kombucha Products' label makes no disclosure of alcohol
4  content whatsoever. Upon information and belief, The Bu knows that its products contain
5  more than 0.5% alcohol.

6  25. By failing to properly disclose to consumers that the Kombucha Products
7  contain alcohol above 0.5%, The Bu has confused and misled consumers (and jeopardized
8  their health and safety), who reasonably expect that the drink does not contain alcohol.

9  26. Given this, the Kombucha Products can be legally purchased and consumed
10 by minors despite the alcohol content and unwitting parents might purchase and provide
11 these products to their young children.

12 27. In truth, the The Bu Kombucha Products contain between 0.6% and 1.9%
13 alcohol and, consequently, must be properly labeled as alcoholic beverages and comply
14 with the many regulations and statutes that govern the manufacturing, marketing and sale
15 of alcoholic beverages. Plaintiff first learned of the true level of alcohol in The Bu's
16 Kombucha Products within the last six months by utilizing headspace gas chromatography
17 combined with mass spectrometry from a third party lab to test alcohol levels.

18 28. Upon information and belief, the Kombucha Products also understate the
19 sugar content of their drinks, to mislead consumers into believing the products are
20 healthier than other kombucha drinks on the market that properly advertise their sugar
21 content.

22 29. Sugar level in beverages is an important factor in a consumer's purchasing
23 decision, especially in beverage markets where products have advertised health benefits.

24 30. The labels on the Kombucha Products list a sugar content of 5 grams. Given
25 the manufacturing process for a true kombucha product, as The Bu's products purport to
26 be, it is highly unlikely that the sugar level is accurate.

27 31. Tortilla Factory's Kombucha Dog is a direct competitor of The Bu with
28

respect to brewing kombucha for sale in retail and wholesale settings. The parties are vying for the same dollars from the same consumers, and did so at all times relevant to this Complaint, except that Tortilla Factory did not seek to sell alcohol to minors.

32. Tortilla Factory is informed and believes that The Bu had subjective notice of its actual, probable, or potential violations of legal obligations concerning labeling, marketing, and manufacturing of its Kombucha Products.

33. The Bu gained an unfair advantage over Tortilla Factory in the marketplace by engaging in unlawful practices including, among other things:

   a. Failing to label the Kombucha Products in compliance with laws regulating alcohol-containing beverages. This includes but is not limited to the legal requirement to disclose such beverages as being hazardous to pregnant women and a potential carcinogen.

   b. Failing to distribute the Kombucha Products in compliance with laws regulating alcohol-containing beverages. This includes using grocery distribution channels for the Kombucha Products, including but not limited through the Distributors, even though they were alcohol-containing beverages not entitled to such distribution, and required distribution only through licensed beer wholesalers.

   c. Failing to market the Kombucha Products in compliance with laws regulating alcohol-containing beverages, including on information and belief by selling and marketing the Kombucha Products to persons below 21 years of age.

   d. Upon information and belief, violating legal obligations to refrain from paying money or providing other consideration to retailers in exchange for exclusive or preferential relationships, displays, or distribution.

   e. Upon information and belief, understating the amount of sugar in the Kombucha Products, both on the nutrition facts, and generally in the labeling of the Kombucha Products.

34. As a direct and proximate result of such unfair and unlawful practices, The

Bu gained an unfair advantage over Tortilla Factory in the marketplace because these violations allowed them to, among other things:

    a.    Distribute its product through less expensive and broader reaching grocery distribution channels, including but not limited through the Distributors;

    b.    Market and sell its product to persons below 21 years of age;

    c.    Upon information and belief, exclude other kombucha manufacturers, including Tortilla Factory, from marketplaces by unlawfully securing exclusive or preferential arrangements with retailers and/or distributors;

    d.    Obtain a market advantage in the kombucha marketplace, which is very sensitive to the amount of sugar in competing products, by, upon information and belief, misrepresenting its sugar content;

    e.    Obtain a market advantage in the kombucha marketplace, which is very sensitive to perceived health-benefits of foods, by omitting required alcohol disclosures and warnings;

    f.    Produce and profit from sales of the Kombucha Products without satisfying all tax obligations, including but not limited to payment of the state alcoholic beverage tax.

    g.    Alter the marketplace through manipulation of consumers such that 100% authentic kombucha, such as Kombucha Dog, appeared to consumers, wholesalers, and retailers as less natural, less healthy, and more sugary than the Kombucha Products.

35.    Tortilla Factory is informed and believes that the Distributors distribute food products both within California and throughout the United States.  Tortilla Factory is further informed and believes that the Distributors knew of The Bu's violations of its legal obligations concerning labeling, marketing, and manufacturing of its Kombucha Products, but chose to distribute its products regardless in direct violation of applicable state and federal statutes and regulations.

36. Further, Plaintiff is informed and believes that the Distributors knew that The Bu was engaged in the foregoing wrongful conduct, that the Distributors gave substantial assistance to The Bu —including but not limited to by distributing the Kombucha Products, and that Distributors' conduct was a substantial factor in causing the aforementioned harm to Plaintiff.

37. As a direct and proximate result of the wrongful conduct alleged herein, Tortilla Factory lost profits, failed to obtain the market share it would otherwise have obtained, and was denied a fair marketplace.

**FIRST CLAIM FOR RELIEF**

(False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)

Against The Bu and Does 1-10)

38. Plaintiff incorporates by reference Paragraphs 1 through 37 above as though fully set forth herein.

39. The Bu has made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others, statements regarding the alcohol and, on information and belief, sugar content of The Bu's Kombucha Products.

40. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

41. The Bu's false and misleading advertising statements and omissions injure both consumers and Plaintiff.

42. The Bu's false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §l 125(a).

43. The Bu has caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which

there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining The Bu, its agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all The Bu's false advertisements.

44. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from The Bu the damages sustained by Plaintiff as a result of The Bu's acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of The Bu's acts.

45. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from The Bu the gains, profits and advantages that they have obtained as a result of its acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages The Bu has obtained by reason of its acts.

46. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that The Bu's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

(False Advertising Under Cal. Bus. & Prof. Code § 17500

Against All Defendants)

47. Plaintiff incorporates by reference Paragraphs 1 through 46 above as though fully set forth herein.

48. The Bu knew or in the exercise of reasonable care should have known that its publicly disseminated statements and omissions relating to its Kombucha Products were false or misleading. The Bu's false advertising statements and omissions injure consumers and Plaintiff. The Bu's false and misleading statements include, among others, statements regarding the alcohol and sugar content of The Bu's Kombucha Products.

49. By making such untrue or misleading statements, The Bu has engaged in false advertising in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code § 17500, et seq.

50. By reason of The Bu's conduct, Plaintiff has suffered injury in fact and has lost money and/or property.

51. The Bu has caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiff is entitled to an injunction restraining The Bu, its agents, employees, representatives and all persons acting in concert with them from engaging in further such acts, and forbidding The Bu from advertising its Kombucha Products with the alcohol and sugar content currently advertised, and from making other false statements in connection with the product.

52. Plaintiff is further entitled to a restitutionary recovery from The Bu.

53. Finally, Plaintiff is informed and believes that the Distributors knew that The Bu was engaged in the foregoing wrongful conduct, that the Distributors gave substantial assistance to The Bu—including but not limited to by distributing the Kombucha Products, and that Distributors' conduct was a substantial factor in causing the aforementioned harm to Plaintiff. Accordingly, Plaintiff is similarly entitled to both an injunction restraining Distributors and restitutionary recovery from Distributors.

## THIRD CLAIM FOR RELIEF

(Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*

Against All Defendants)

54. Plaintiff incorporates by reference Paragraphs 1 through 53 above as though fully set forth herein.

55. The Bu has made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements in California misrepresenting the characteristics of its Kombucha Products with the intent of selling,

distributing, and increasing the consumption of, and interest in, its Kombucha Products.

56. The Bu's conduct as alleged herein was unlawful, violating both applicable federal and state statutes and regulations, including but not limited to the United States Lanham Act, California Business and Professions Code provisions concerning exclusivity, marketing, sales, and promotions of alcoholic beverages (e.g., Cal Bus & Prof Code §§ 25000 et seq, 25502, 25503), and state and federal regulation of alcoholic beverages once alcohol content reaches 0.5% ABV at any time during the manufacturing, distribution, or sales processes (e.g. Cal. Alcoholic Beverage Control Act (Cal. B&P Code 23000 et seq); 27 CFR part 25).

57. The Bu's conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code § 17200, et seq.

58. As a direct and proximate result of The Bu's wrongful conduct, Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's goodwill with its existing, former and potential customers. The Bu's conduct has also caused damage to consumers.

59. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

60. Plaintiff is entitled to an injunction restraining The Bu, its officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

61. Plaintiff is further entitled to a restitutionary recovery from The Bu.

62. Finally, Plaintiff is informed and believes that the Distributors knew that The

Bu was engaged in the foregoing wrongful conduct, that the Distributors gave substantial assistance to The Bu —including but not limited to distributing the Kombucha Products, and that the Distributors' conduct was a substantial factor in causing the aforementioned harm to Plaintiff. Accordingly, Plaintiff is similarly entitled to both an injunction restraining Distributors and restitutionary recovery from Distributors.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against The Bu and the Distributors as follows:

1. For temporary, preliminary and permanent injunctive relief prohibiting The Bu, its agents, or anyone working for, in concert with or on behalf of The Bu from engaging in false or misleading advertising with respect to its Kombucha Products and/or violating Lanham Act § 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of The Bu's false advertising.

2. For an order requiring The Bu to correct erroneous impressions any persons may have derived concerning the nature, characteristics, or qualities of its Kombucha Products, including without limitation, the placement of corrective advertising and providing written notice to the public.

3. That The Bu be adjudged to have violated 15 U.S.C. §1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of its Kombucha Products.

4. That The Bu and Distributors be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.

5. That The Bu and Distributors be adjudged to have unfairly competed against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.

6. That Plaintiff be awarded damages Plaintiff has sustained in consequence of The Bu's and Distributors' conduct.

7. That Plaintiff be awarded The Bu's and Distributors' profits obtained as a consequence of The Bu's and Distributors' conduct.

8. That such damages and profits be trebled and awarded to Plaintiff as a result of The Bu's willful, intentional and deliberate acts in violation of Lanham Act § 43(a).

9. That Plaintiff recover its costs and reasonable attorneys' fees.

10. That all of The Bu's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118.

11. That Plaintiff be granted prejudgment and postjudgment interest.

12. That Plaintiff have such other and further relief as the Court deems just and proper.

DATED: April 9, 2018        LEVATOLAW, LLP

                            By:  /s/ Stephen D. Weisskopf
                                 Stephen D. Weisskopf
                                 Attorneys for Plaintiff TORTILLA FACTORY, LLC